G., H. & S. A. R'y Co. v. JOHN T. STOVALL.

(No. 2279.)

APPEAL from Gonzales County.  Opinion by WILL-SON, J.

W. N. SHAW, for appellant.

PONTON & FLY, for appellee.

§ 251. *Damages for breach of contract by railroad company to transport, etc., cattle; special actual; sufficient allegation of; case stated.*  Appellee sued appellant to recover $928.50 damages alleged to have been sustained by him, by reason of the breach by appellant of a verbal contract for the transportation of five hundred head of cattle from Waelder to San Antonio, Texas.  He recovered judgment for $624.50 and costs.  One item of damages claimed by appellee was the value of fifteen head of cattle lost by a stampede of the herd, which stampede occurred while the cattle were being held by appellee awaiting shipment under said contract; the amount of this item being $217.50.  The allegation in the petition with reference to this item is as follows: "That said five hundred head of cattle, during the said five days' delay, because of hunger and thirst, stampeded, and fifteen head escaped entirely, and plaintiff has been unable to recover the same or any one of them, which said loss plaintiff alleges was indirectly caused by reason of the failure of said defendants to receive and transport his said cattle as per agreement as hereinbefore stated."  Appellant excepted specially to this item of damages, upon the ground that such damage was not the natural, direct and proximate result of the alleged breach of said contract, and

that the allegations of the petition did not authorize the recovery of the same. These exceptions were overruled and appellee recovered $203 upon said item. *Held*, it was not error to overrule said exceptions as to said item.

**§ 252.** *Measure of damage for breach of contract.* The ordinary and proper measure of damages for a breach of contract is the natural, direct and proximate loss occasioned by such breach, such as may reasonably be supposed to have been in the contemplation of both parties at the time the contract was made, as the probable result of the breach of it.

**§ 252a.** *Same, for breach of contract of carriage.* With reference to a breach of contract of carriage, the rule is well stated to be as follows: "When the carrier enters into a contract to transport the goods, and afterwards refuses to accept or to convey them, the true measure of damages is the difference between the market value at destination at the time they would have arrived if the carrier had performed his contract, and their value at the same time at the place from which they were to have been carried. If the owner can procure other means of conveyance without delay, it is his duty to do so, in which case the carrier could only be charged with any excess in the cost of shipment above the price for which by his contract he was to have carried them, and such loss occasioned by the delay, if any, as might be its reasonable and natural consequences, viz., the amount of any necessary expenses incurred by reason of the carrier's failure, and the value of time spent in making a new contract." [Hutchinson on Carriers, § 774.]

**§ 253.** *Same, for breach of contract for carriage of live animals.* "In case of shipping of live animals, the losses for negligent delay may include not only such as arise from fall in the market, but shrinkage or injury to the animals occasioned by detention, and care and expense bestowed upon them." [3 Sutherland on Dam. 219; *Field on Dam.* §·381; *R'y Co. v. Nicholson*, 61 Tex. 491.]

§ **254.** *Damages, whether proximate, etc., or not, is a question of evidence.* In this case it was a question of fact for the jury to determine whether the stampede and loss of the fifteen head of cattle was the natural, direct and proximate result of the breach of contract of carriage, or reasonably within the contemplation of the contracting parties when making the contract. This was a question of evidence, not of pleading, and, as claimed in the petition, said item of damages may or may not be recoverable; depending upon the finding of the jury as to whether the same was the natural, direct and proximate result of the breach of the contract, or was within the contemplation of the parties at the time of making the contract.

§ **255.** *Bill of exception to rejection of testimony offered must show relevancy, etc.* Appellant assigns that the court erred in rejecting certain testimony offered by it. It is not made to appear by the bill of exception, or otherwise by the record, that said testimony was relevant to any issue in the case, or in any manner material, and we cannot therefore say that the court erred in rejecting it.

March 9, 1887.                                    Affirmed.